UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICK MORIN and JOSEPH OLIVIERI as
Trustees of the EMPIRE STATE CARPENTERS
WELFARE, PENSION, VACATION, ANNUITY,     **REPORT AND**
SCHOLARSHIP, APPRENTICE-TRAINING,     **RECOMMENDATION**
LABOR MANAGEMENT COOPERATION and     CV 07-4815 (JFB) (WDW)
CHARITABLE TRUST FUNDS,

                  Plaintiffs,

    -against-

MODERN CONTINENTAL CONSTRUCTION CO.,
INC. and MODERN CONTINENTAL
CONSTRUCTION CO. OF NEW YORK, INC.,

                  Defendants,
------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

        By order dated September 3, 2008, Judge Bianco granted the plaintiffs' motion for a default judgment and referred the determination of damages to the undersigned for a report and recommendation. Docket Entry ("DE") [16]. Based on the evidence submitted, the undersigned recommends that for the audit period of January 1, 2002 through December 31, 2004, damages be awarded as follows: $755,441.83 in delinquent fringe benefit contributions, plus $221,899.96 in interest on those contributions, $221,899.96 in liquidated damages, $11,231.74 in audit fees, and attorneys' fees and costs of $5,262.46, for a total award of **$1,195,735.95**.

## BACKGROUND

        The plaintiffs, the Trustees of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds (the "Trustees"), initiated this action pursuant to LMRA § 301 and ERISA §§ 515 and 502(a)(3) on November 19, 2007. Plaintiffs served a summons and complaint on defendant

Modern Continental Construction Co. of New York, Inc. on December 17, 2007.[1] The defendant did not answer. By notice dated February 14, 2008, plaintiffs changed attorneys. DE [6]. By motion dated February 19, 2008, counsel for the Trustees requested entry of a default judgment. DE [7]. On June 25, 2008, the Clerk of the Court entered a certificate of default, and on September 3, as noted *supra*, Judge Bianco granted the plaintiffs' motion for a default judgment and referred the determination of damages to the undersigned for a report and recommendation. The defendant has not appeared or entered opposition to the motion despite service on it of the motion papers.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence provide this basis.

---

[1] Modern Continental Construction Co., Inc. filed for Chapter 11 Bankruptcy protection in the United States Bankruptcy Court, District of Massachusetts (Petition No.: 08-14558) on June 23, 2008. Plaintiffs continue this action against Modern Continental Construction Co. of New York. DE [19].

*Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted such evidence.

Delinquent Contributions and Audit Fees

Plaintiffs claim that defendant Modern Continental Construction Co. of New York, Inc. is a party to collective bargaining agreements and that it failed to make fringe benefit contributions to the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds ("Funds") as required by the terms of the Agreements. Brady Aff., DE [19] at Ex. A. Plaintiffs claim they should be awarded unpaid contributions for the period of January 2002 through December 2004, together with interest, liquidated damages, audit fees, costs and attorneys' fees. Clarity Decl., DE [19] at ¶¶ 14-20. Both ERISA and the relevant Agreements provide for the payment of delinquent fees, plus interest, liquidated damages, costs and attorneys' fees, and the Agreements provide for payment of audit fees. Plaintiffs have submitted an audit report detailing the amount of delinquent contributions owed by defendant. *See* Brady Aff., DE [19] at Ex. B. Plaintiffs also provided the Agreements, the collective bargaining agreement, and further substantiated the amount of the contributions by reference to a printout generated by the Funds' computer system. *See* Brady Aff., DE [19] at Ex. A; Ex. B. Based on the evidence submitted, the court finds that plaintiffs have adequately proved the amount of the claim for unpaid contributions. The court accepts plaintiffs' claim that defendant failed to make contributions to the Funds from January 2002 through December 2004. For the time period of January 1, 2002 through June 30, 2002, the amount of unpaid contributions totaled $515,813.18. Brady Aff., Ex B. For the time period of July 1, 2002 through December 31, 2002, the amount of unpaid contributions totaled $187,923.95. *Id.* For the time period of January 1, 2003 through June 30, 2003, the amount of

unpaid contributions totaled $20,816.08. *Id.* For the time period of July 1, 2003 through December 31, 2003, the amount of unpaid contributions totaled $16,046.68. *Id.* For the time period of January 1, 2004 through June 30, 2004, the amount of unpaid contributions totaled $3,293.75. *Id.* The court determines that the amount of unpaid contributions from January 2002 through December 2004 totals $755,441.83. The court also accepts the plaintiffs' claim to recover audit fees totaling $11,231.74. *See* Brady Aff., DE [19] at Ex. E.

Interest

In addition to delinquent contributions, the plaintiffs are entitled to interest on the unpaid contributions pursuant to 29 U.S.C. §1132(g)(2)(b) and the Agreements. *See* Clarity Decl., DE [19]. As to the interest sought by the plaintiffs, the undersigned notes that pursuant to the Agreements, the interest is calculated at the prime rate per annum. *See* Brady Aff., DE [19] at Ex. A, Art VII, § (d)(i); Ex. C,. For the deficiency covering January 1, 2002 through June 30, 2002, the prime rate was 4.75%. Brady Aff., DE [19] at Ex C. For the deficiency covering July 1, 2002 through December 31, 2002, the prime rate was 4.25%. *Id.* For the deficiency covering January 1, 2003 through June 30, 2003, the prime rate was 4%. *Id.* For the deficiency covering July 1, 2003 through December 31, 2003, the prime rate was 4%. *Id.* For the deficiency covering January 1, 2004 through June 30, 2004, the prime rate was 4.25%. *Id.* For the deficiency covering July 1, 2004 through December 31, 2004, the prime rate was 5.55%. *Id.* Accepting these rates and the calculations of the plaintiffs, the undersigned finds that the plaintiffs are entitled to an award of $211,899.96 for interest calculated from July 1, 2002 through November 26, 2008, plus additional interest through the date of judgment. *See* Plaintiffs' Statement of Damages, DE [19].

Liquidated Damages

Plaintiffs also claim that pursuant to the Agreements and statute, they are entitled to liquidated damages in an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of 20% of the unpaid principal contribution. *See* 29 U.S.C. § 1132(g)(2)(C); Brady Aff., DE [19] at Ex. A, Art. VII, § (d)(ii). Plaintiff claims they are entitled to an amount equal to 20% of the unpaid contributions since, at the time of the audit, it was greater than the total amount of interest. *See* Brady Aff., DE [19] at Ex. B; Plaintiffs' Statement of Damages. However, since the date of the audit, the interest on the unpaid contributions grew to more than 20% of unpaid contributions. Therefore, the court recommends that plaintiffs be awarded as liquidated damages an amount equal to $211,899.96 plus interest through the date of judgment.

Attorneys' Fees and Costs

Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to the Agreements and 29 U.S.C. § 1132(g)(1). The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and the necessity of hours spent and rates charged. *See generally New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union NO. 3 of the IBEW*, 34 F.3d 1148, 1160-61 (2d Cir. 1994). Plaintiffs have submitted contemporaneous billing records supporting their request for attorneys' fees. The court has reviewed those records and finds that the level of detail is sufficient to meet the requisite standard. The billing records identify five individuals who billed time, Paula Clarity, John H. Byington III, Marty Glennon,

5

Anthony Lumia, and Elizabeth Murphy, and Clarity's Declaration in Support of Damage Claim describes their level of experience. Clarity performed work at the rate of $175 per hour. Byington III performed work at the rate of $225 per hour. Glennon performed work at the rate of $220 per hour. Lumia performed work at the rate of $185 per hour. Murphy performed work at the rate of $75 per hour. The court finds that these rates are within "what a reasonable, paying client would be willing to pay" and thus finds them to be presumptively reasonable fees. *See generally Arbor Hill Concerned Citizens v. County of Albany,* 522 F.3d 182 (2d Cir. 2008).

Additionally, plaintiffs' former counsel seeks attorneys' fees for 9.2 hours. Ex. 1, DE [19]. Plaintiffs' current counsel seeks attorneys' fees for 13.5 hours. Upon review of the billing records of both the former and current counsel, the court finds that the total number of hours spent is reasonable. Accepting the calculations provided by plaintiffs' former and current counsel, the undersigned finds that plaintiffs are entitled to $4,683.50.

Finally, plaintiffs seek an award of costs, including service and filing fees, mail expenditures, and transportation costs, totaling $578.96. *See* Plaintiffs' Statement of Damages; 29 U.S.C §1132(g)(2). The court recommends an award of the costs sought.

## RECOMMENDATION

For all the reasons set forth above, the undersigned recommends that plaintiffs be awarded a total of **$1,195,735.95**, broken down as follows:

**$755,441.83** in delinquent contributions;

**$11,231.74** in audit fees;

**$211,899.96** in interest through November 26, 2008, plus additional interest through the date of judgment;

**$211,899.96** plus additional interest from November 26, 2008 through the date of judgment, as liquidated damages; and

**$4,683.50** in attorneys' fees and **$578.96** in costs, respectively.

**OBJECTION**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 1, 2009

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge