UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X

PATRICK MORIN et al.,

        Plaintiffs,

        – against –

MODERN CONTINENTAL CONSTRUCTION
CO., INC., et al.

        Defendants.

---------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
07-CV-4815 (JFB) (WDW)

JOSEPH F. BIANCO, District Judge:

On November 19, 2007, plaintiffs filed the complaint in this action against defendants Modern Continental Construction Co., Inc. and Modern Continental Construction Co. of New York, Inc. ("defendants"). On December 17, 2007, plaintiffs served defendants with a copy of the summons and complaint. Defendants, however, failed to answer or appear in this action. On February 19, 2008, plaintiffs moved for entry of default judgment. On June 25, 2008, the Clerk of the Court noted the default of defendants. On July 15, 2008, Modern Continental Construction Co., Inc. notified the Court that it had filed for bankruptcy and, therefore, all proceedings against Modern Continental Construction Co., Inc. were stayed. By Order dated September 3, 2008, the Court entered a judgment of default in favor of Patrick Morin and Joseph Olivieri, as Trustees of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds, as against defendant Modern Continental Construction Co. of New York, Inc., which had not filed for bankruptcy, and referred the calculation of damages to Magistrate Judge William Wall for a report and recommendation.

On July 1, 2009, Magistrate Judge Wall issued a Report and Recommendation (the "R&R"), based on the evidentiary submission made by plaintiffs on December 3, 2009, recommending that the Court award plaintiffs, in connection with the default judgment against Modern Continental Construction Co. of New York, Inc., the amount of $1,195,735.95.00, plus additional interest on the delinquent contributions from November 26, 2008 through the date of judgment, as specified in the R&R. (*See* Report and Recommendation dated July 1, 2009, at 4-6.) The R&R further instructed that any objections to the R&R be submitted within ten (10) days. (*See* Report and Recommendation dated July 1, 2009, at 7.) No objections have been filed to date, although the date for filing such objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures

appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir.1989).

Having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that a judgment by default is entered in favor of plaintiffs as against defendant Modern Continental Construction Co. of New York, Inc., in the total amount of $1,215,735.95,[1] representing (1) delinquent contributions from January 1, 2002 to December 31, 2004, totaling $755,441.83, (2) $11,231.74 in audit fees, (3) interest of $221,899.96 on the delinquent contributions as calculated through November 26, 2008, plus additional interest through the date of judgment (which is not included in the above-referenced amount), (4) as liquidated damages, $221,899.96 of interest on the delinquent contributions as calculated through November 26, 2008, plus interest from November 26, 2008 through the date of judgment (which is not included in the above-referenced amount), (5) $4,683.50 in attorney's fees, and (6) $578.96 in costs.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that plaintiffs serve a copy of this Order on defendants.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2009
Central Islip, NY

---

[1] The R&R incorrectly indicates that the total award is $1,195,735.95.